CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 23, 2018

LETTER TO COUNSEL

RE: *Jennifer Carlisle v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-17-3202

Dear Counsel:

On October 31, 2017, Plaintiff Jennifer Carlisle petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Supplemental Security Income. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment, and Ms. Carlisle's reply. [ECF Nos. 13, 14, 15]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Carlisle filed her claim for benefits on May 28, 2014, alleging a disability onset date of August 15, 2005.[2] (Tr. 182-87). Her claim was denied initially and on reconsideration. (Tr. 70-99, 101-15). A hearing was held on October 4, 2016, before an Administrative Law Judge ("ALJ"). (Tr. 47-69). Following the hearing, the ALJ determined that Ms. Carlisle was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 23-41). The Appeals Council ("AC") denied Ms. Carlisle's request for further review, (Tr. 1-7), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Carlisle suffered from the severe impairments of "asthma; obesity; borderline intellectual functioning; learning disorder; and major depressive disorder with psychotic and anxious features." (Tr. 25). Despite these impairments, the ALJ determined that Ms. Carlisle would retain the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b), which generally involves lifting/carrying 20 pounds occasionally and 10 pounds frequently,

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] As the ALJ noted, Ms. Carlisle filed a prior application for benefits, which was denied on December 28, 2012 without a further appeal. (Tr. 23). Regardless, the relevant period for this application only ran from Ms. Carlisle's protective filing date of May 28, 2014 through the date of the ALJ's decision on November 29, 2016.

   standing/walking about 6 hours, and sitting about 6 hours in an 8-hour workday. She cannot climb ladders, ropes, or scaffolds, but can perform other postural maneuvers, like balancing and stooping, on a less frequent basis. The claimant is able to perform simple, routine, and repetitive tasks that do not involve strict production quotas; sustain attention toward such tasks for 2-hour segments, with no social limitations; and respond appropriately to infrequent and gradual change in a routine work setting.

(Tr. 28). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Carlisle could perform her past relevant work as a receptionist, telemarketer, and cashier, or, alternatively, other work existing in significant numbers in the national economy. (Tr. 39-40). The ALJ concluded, therefore, that Ms. Carlisle was not disabled. (Tr. 41).

   Ms. Carlisle argues on appeal: (1) that the ALJ assigned insufficient weight to the opinions of a consultative examiner, Dr. Michael Motter, and to the opinions of her treating nurse practitioner and licensed clinical social worker; and (2) that the ALJ did not consider evidence regarding her supportive living environment. I agree that the ALJ's analysis is flawed, and I therefore recommend remand.

   Although an ALJ is not required to address every piece of evidence in the record, SSR 96-8P requires an ALJ to consider a claimant's need for a structured living environment when assessing the claimant's RFC. SSR 96-8P, 1996 WL 374184, at *5 (S.S.A. July 2, 1996). In this case, the record reflects that Ms. Carlisle received daily assistance from Archway Station Inc.'s Supported Housing Program for adults with psychiatric disabilities from September, 2012, and that she was authorized for services through October, 2016. (Tr. 829-51). Those services included reminding Ms. Carlisle to shower and to change her clothing every few days, and encouraging her to leave her home to attend Archway programs. *Id.* Here, the ALJ made no reference to the records provided by the Archway program, which corroborated, to some degree, some of the statements made by Ms. Carlisle's mother, Terry Carlisle. (Tr. 38).

   Moreover, consideration of the supportive living arrangement might have altered the ALJ's assignment of weight to the various medical sources in this case. The ALJ's own review of the medical evidence documents a distinct worsening of Ms. Carlisle's symptoms in late 2015 and early 2016, resulting in a number of emergency room visits and multiple voluntary hospitalizations. (Tr. 33-34). The medical notes from later in 2016, while showing some improvement from the immediately preceding period, continue to reflect hallucinations. (Tr. 34). The ALJ concluded: "Ultimately, except for a few voluntary inpatient hospitalizations in 2016, the medical record indicates that the claimant's treatment for her mental symptoms has been conservative." *Id.* However, it would not be unreasonable to suggest that a "few voluntary inpatient hospitalizations" within a twelve-month period could affect a claimant's ability to work.[3] Ultimately, the problem is that the ALJ's RFC assessment is essentially premised on the

---

[3] A letter from Ms. Carlisle's attorney makes reference to an additional inpatient hospitalization in September, 2016. (Tr. ____).

*Jennifer Carlisle v. Commissioner, Social Security Administration*
Civil No. SAG-17-3202
July 23, 2018
Page 3

opinions of two non-examining State agency physicians rendered in 2014 and early 2015, before the significant period of worsening symptoms in late 2015 into 2016. In light of the Archway evidence (primarily from 2016) that was not considered by the ALJ, and all of the medical evidence that was not able to be considered by the non-examining State agency physicians, the ALJ has not built "an accurate and logical bridge from the evidence to his conclusion" that Ms. Carlisle could work. *Lewis v. Berryhill,* 858 F.3d 858, 868 (4th Cir. 2017) (citation omitted). Thus, additional evaluation is warranted to determine whether the changes to Ms. Carlisle's mental state in 2016 affected either the ALJ's RFC determination of "no social limitations," or any other aspect of Ms. Carlisle's functional capacity.

In light of this inadequacy, I must remand the case to the SSA for further analysis. On remand, the ALJ should consider Ms. Carlisle's supportive living situation and should determine whether it affects his assessment of the other evidence of record, including the statements from Terry Carlisle and the opinions of Dr. Motter and the treating medical sources. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Carlisle is not entitled to benefits is correct.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 13) is DENIED, and Defendant's Motion for Summary Judgment (ECF No. 14) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                Sincerely yours,

                /s/

                Stephanie A. Gallagher
                United States Magistrate Judge