UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 4, 2019

LETTER TO COUNSEL

      RE:    *Jennifer C. v. Commissioner, Social Security Administration*;[1]
              Civil No. SAG-17-3202

Dear Counsel:

      Karl E. Osterhout, Esq. has filed a motion for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of Plaintiff before this Court. ECF 23. In response, the Social Security Administration ("SSA") asked this Court to consider whether Mr. Osterhout's requested amount constitutes a reasonable fee. ECF 24. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, Mr. Osterhout's motion for attorney's fees is GRANTED.

      On November 14, 2018, this Court awarded Mr. Osterhout $5,200.00 for 34.10 hours worked on Plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 17, 22. Plaintiff subsequently received an Award Notice, in which she was awarded $41,230.00 in past due benefits. ECF 23-1. On January 23, 2019, Mr. Osterhout filed a Motion in this Court, seeking $10,307.50 in attorney's fees. ECF 23. Mr. Osterhout has agreed to reimburse Plaintiff in the amount of fees previously received. ECF 23; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

      The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989). Courts

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

Here, Mr. Osterhout and Plaintiff entered into a contingent fee agreement, by which Plaintiff agreed to pay Mr. Osterhout twenty-five percent of all retroactive benefits to which she might become entitled. ECF 23-3. In his previous motion for attorney's fees pursuant to the EAJA, Mr. Osterhout submitted an itemized report documenting the 34.10 hours he expended before this Court in Plaintiff's case. ECF 17-1. If Mr. Osterhout receives the full amount of fees he requests, his fee for representation before this Court will effectively total $302.27 per hour. Mr. Osterhout must therefore show that an effective rate of $302.27 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Notably, Mr. Osterhout's requested fee is less than his typical hourly billing rate of $350, ECF 23-2, and within the range of hourly rates that are presumptively reasonable for attorneys of his experience level pursuant to the fee guidelines appended to the Local Rules of this Court.[2] Courts in the Fourth Circuit have approved contingency fee agreements that produce much higher hourly rates in successful Social Security appeals. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D. W. Va. 2003) (approving contingency fee agreement with hourly rate of $1,433.12); *Lehman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2160 (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with hourly rate of $1,028.14). Thus, the requested fee in this case is reasonable and should be approved.

For the reasons set forth herein, this Court GRANTS Mr. Osterhout's Motion seeking attorney's fees, ECF 23. This Court will award Mr. Osterhout attorney's fees totaling $10,307.50. Mr. Osterhout is directed to reimburse to Plaintiff the fees he received pursuant to the EAJA.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[2] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App. B (D. Md. 2018). Currently, Mr. Osterhout has more than twenty years of experience and the presumptively reasonable hourly rate for attorneys admitted to the bar for over twenty years is between $300.00 and $475.00. *Id.*